UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| YONG CHEN,<br><br>    Plaintiff,<br><br>v.<br><br>JENNIFER B. HIGGINS, *Acting Director of U.S. Citizenship and Immigration Services*; MARGARET ROSENAST, *Portland Field Office Director*; KRISTI NOEM, *Secretary of Homeland Security*; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Defendants. | Case No. 6:25-cv-00156-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

    Plaintiff Yong Chen ("Plaintiff") brings claims against Defendants Jennifer B. Higgins, Margaret Rosenast,[1] Kristi Noem, and United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants"), alleging violations of the Administrative Procedure Act and Plaintiff's constitutional rights. Corrected Am. Compl. ¶¶ 39, 42, 46, ECF No. 13. Before the Court is Defendants' Motion to Dismiss (ECF No. 21). Because the Court finds that Plaintiff did

---

[1] Plaintiff named "Margaret Rosensaft" as a defendant, but the exhibit to Plaintiff's Complaint makes clear that this was in error. *See* Corrected Am. Compl. ("Am. Compl.") Ex. A, at 24, ECF No. 13 (U.S. Citizenship and Immigration Services Notice of Decision signed by Margaret Rosenast, Field Office Director). Defendants do not dispute the difference. The Court directs the clerk of court to terminate that party and name Margaret Rosenast as a defendant.

Page 1 — OPINION AND ORDER

not provide proof of service on the U.S. Attorney General, Defendants' motion is HELD IN ABEYANCE pending service of process.

## BACKGROUND

On January 29, 2025, Plaintiff filed his first Complaint asking the Court to compel Defendants to adjudicate Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status. Compl. ¶ 1, ECF No. 1. On February 4, Defendants denied Plaintiff's application under 8 U.S.C. 1182(a)(6)(C)(i).[2] Corrected Am. Compl. Ex A, at 20.[3] Defendants found that Plaintiff had misrepresented several material facts when he sought to obtain admission into the United States. *Id.* Under 8 U.S.C. § 1182(a)(6)(C)(i), "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." On March 13, 2025, Plaintiff filed his Corrected Amended Complaint, alleging that Defendants improperly exercised their discretion because they did not apply the proper standard for inadmissibility based on willful misrepresentation. Corrected Am. Compl. ¶¶ 31, 42–45.

On April 3, 2025, Plaintiff's counsel Jean Wang filed a Proof of Service claiming that she served the U.S. Attorney General through certified mail. ECF No. 20. Counsel did not attach the certified mail receipts. *See id.* Plaintiff later provided the Court certified mail receipts to USCIS as proof that Plaintiff served the U.S. Attorney General. Pl.'s Opp'n Defs.' Mot. Dismiss ("Pl.'s Resp.") Ex. A, at 21, 24–25, ECF No. 24.

---

[2] In the Notice of Decision, Defendant Rosenast cited Section 212(a)(6)(C)(i) of the Immigration and Nationality Act, located at 8 U.S.C. § 1182(a)(6)(C)(i).
[3] The exhibits to Plaintiff's Corrected Amended Complaint are included as part of the same PDF filing. The Court's citations to page numbers correspond to the page number of the PDF at ECF No. 13, rather than to page numbers of individual exhibits.

## STANDARDS

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987). Rule 4 states that:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, **a party must serve the United States** and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2) (emphasis added). A party serving the United States must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(C).

## DISCUSSION

Defendants move to dismiss, arguing in part that Plaintiff failed to serve the U.S. Attorney General according to Rule 4. Defs.' Mot. Dismiss 2. The Court agrees that Plaintiff did not properly serve the U.S. Attorney General.

As noted above, Plaintiff is required to serve the U.S. Attorney General under Rule 4(i)(1)(B). Plaintiff's Proof of Service form claims that counsel Jean Wang served the U.S. Attorney General through certified mail but includes no proof of that purported service. ECF No. 20. Additionally, Joseph Gerstell, Contracting Officer Representative in the Justice Management Division of the United States Department of Justice, declares under penalty of perjury that there

is no record that the Attorney General was served in this case. Decl. Joseph E. Gerstell ¶¶ 2, 7-8, ECF No. 22. Finally, the certified mail receipts that Plaintiff submits do not address the U.S. Attorney General. *See* Pl.'s Resp. Ex A, at 24. Instead, the certified mail was addressed to USCIS. *Id.* Rule 4, however, requires that the plaintiff serve the United States, including the Attorney General, in addition to sending the summons and complaint to the federal agency defendant. Fed. R. Civ. P. 4(i)(2). For these reasons, the Court finds that Plaintiff has not proven that he properly completed service of process.

Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This Circuit construes Rule 4 liberally as long as the defendant receives sufficient notice of the complaint. *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). In this case, because Defendants filed a motion to dismiss after Plaintiff served USCIS, the Court finds that Defendants have received sufficient notice of the complaint. Courts have discretion when deciding the appropriate remedy for failure to properly serve a party. *Mann v. Castiel*, 681 F.3d 368, 375-76 (D.C. Cir. 2012); *see also Henderson v. United States*, 517 U.S. 654, 662-63 (1996). Thus, the Court declines to dismiss Plaintiff's claims on this basis and, instead, orders that Plaintiff properly serve the United States, including the U.S. Attorney General.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss (ECF No. 21) is HELD IN ABEYANCE. Plaintiff shall properly serve the United States, including the U.S. Attorney General, within 30 days of this Order, and provide certified mail receipts addressed to the U.S.

Attorney General. If Plaintiff fails to do so, this Court may dismiss his claims. Once Plaintiff has effectuated service, the Court will take under advisement Defendants' already briefed Motion to Dismiss.

DATED this 16th day of October 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge
