UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| YONG CHEN, | Case No. 6:25-cv-00156-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| JENNIFER B. HIGGINS, *Acting Director of U.S. Citizenship and Immigration Services*; MARGARET ROSENAST, *Portland Field Office Director*; KRISTI NOEM, *Secretary of Homeland Security*; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Plaintiff Yong Chen brings claims against Defendants Jennifer B. Higgins, Margaret Rosenast, Kristi Noem, and the United States Citizenship and Immigration Services ("USCIS"), alleging violations of the Administrative Procedure Act ("APA") and Plaintiff's constitutional rights. Corrected Am. Compl. ¶¶ 39, 42, 46, ECF No. 13. Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (ECF No. 21). For the reasons below, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff is a Chinese citizen who entered the country on October 8, 1994, seeking asylum. Corrected Am. Compl. ¶ 11. Plaintiff's application was denied, but Plaintiff remained in

the country. *Id.* at ¶¶ 12-13. Eventually Plaintiff had two children and built a life here in the United States. *Id.* at ¶ 13. On October 21, 2021, Plaintiff filed an I-485 Application to Register Permanent Residence or Adjust Status. *Id.* at ¶ 15; Corrected Am. Compl. Ex. A, at 1.

On January 29, 2025, Plaintiff filed his first Complaint asking the Court to compel Defendants to adjudicate his I-485 adjustment of status application. Compl. ¶ 1, ECF No. 1. On February 4, 2025, Defendants denied Plaintiff's application under 8 U.S.C. § 1182(a)(6)(C)(i). Corrected Am. Compl. Ex. A, at 20.[1] Defendants found that Plaintiff had misrepresented several material facts when he sought to obtain admission into the United States. *Id.* Accordingly, Plaintiff was held inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), which states that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States . . . is inadmissible."

On March 13, 2025, Plaintiff filed his Corrected Amended Complaint, alleging that Defendants improperly exercised their discretion because they did not properly apply the standard for inadmissibility based on willful misrepresentation. *Id.* at ¶¶ 31, 42-45.

## STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a court is to "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). The Court must dismiss any case over which it lacks subject

---

[1] The Court notes that the accompanying exhibits to the Corrected Amended Complaint are in the same PDF as the Corrected Amended Complaint. Accordingly, the Court's references to specific page numbers correspond to the page number of the PDF at ECF No. 13, rather than to page numbers of individual exhibits.

matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

## DISCUSSION

Defendants move to dismiss, arguing that this Court lacks subject matter jurisdiction to review Plaintiff's claims and that Plaintiff failed to state cognizable constitutional claims. Because the Court finds that it does not have subject matter jurisdiction, it does not reach the merits of Plaintiff's claims.

Under 8 U.S.C. § 1255(a), the Attorney General has discretion to adjust an applicant's immigration status where certain conditions are met. Congress has prescribed that, subject to certain exceptions, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 . . . ." 8 U.S.C. § 1252(a)(2)(B)(i). One such exception allows "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). In addition to the statutory exceptions, the Supreme Court has also held that mixed questions of law and fact are reviewable by an appropriate court of appeals. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024) (citing *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 225 (2020)).

Defendants assert that this Court lacks subject matter jurisdiction over Plaintiff's APA claim under Section 1252(a)(2)(B)(i). Further, Defendants claim that this Court lacks subject matter jurisdiction over Plaintiff's constitutional claims because those claims must be filed with the appropriate court of appeals.

### I.    Plaintiff's APA Claim

Plaintiff alleges that Defendants violated the APA by misapplying the relevant legal standard. Defendants argue that Section 1252(a)(2)(B)(i) strips this Court of subject matter jurisdiction because that section "prohibits review of any judgment regarding the granting of

relief under § 1255 . . . ." Def.'s Mot. Dismiss 9 (citing *Patel v. Garland*, 596 U.S. 328, 338 (2022)) (emphasis removed).

Section 1255, and thus Section 1252, govern Defendant's adjustment of status decision that Plaintiff asks this Court to review. In *Nakka v. United States Citizenship and Immigration Services*, the Ninth Circuit held that "§ 1252(a)(2)(B)(i) strips *district courts* of jurisdiction to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status." 111 F.4th 995, 1015 (9th Cir. 2024) (emphasis added). Accordingly, *Nakka* and Section 1252 preclude this Court's subject matter jurisdiction over Plaintiff's APA claim.

Plaintiff, however, argues that *Sanchez v. Mayorkas* establishes that this Court has jurisdiction to hear his claims. The parties in that case did not ask the Court to review USCIS' individualized factual findings or analysis; instead, the parties asked the Court to decide the legal question of "whether the conferral of [Temporary Protected Status] enable[d] [Petitioner] to obtain [Lawful Permanent Resident] status despite his unlawful entry." *Sanchez v. Mayorkas*, 593 U.S. 409, 411 (2021). In this case, Plaintiff has not asked the Court to interpret a statute, but has instead asked whether USCIS properly applied the admissibility standards to Plaintiff's facts. Thus, *Sanchez* is distinguishable. Moreover, *Sanchez* was decided before *Patel* and *Nakka*, which concluded that Section 1252's jurisdiction-stripping provisions apply to individualized factual determinations "relating to" a decision to grant or deny relief under Section 1255. *Patel*, 596 U.S. at 339; *Nakka*, 111 F.4th at 1015; *see also Garcia v. U.S. Citizenship & Immigr. Servs.*, 146 F.4th 743, 749 (9th Cir. 2025).

Additionally, Plaintiff argues that this Court has subject matter jurisdiction over his APA claim because it is a mixed question of law and fact. To the extent that is true, the appropriate

Page 4 — OPINION AND ORDER

court of appeals has jurisdiction over this claim. 8 U.S.C. § 1252(a)(2)(D); *Wilkinson*, 601 U.S. at 212 (citation omitted). Accordingly, this Court lacks subject matter jurisdiction to review Plaintiff's APA claim.

## II.     Plaintiff's Constitutional Claims

Defendants also argue that Plaintiff's constitutional claims must be dismissed because those claims must be raised in a petition for review of a final order of removal in the appropriate court of appeals. Section 1252(a)(2)(D) allows "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ." That Section "preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal." *Patel*, 596 U.S. at 345. "Such a petition for review arises from removal proceedings before an [Immigration Judge] with review by the Board of Immigration Appeals (BIA), and it is eventually brought in a circuit court of appeals . . . ." *Garcia*, 146 F.4th at 748. Accordingly, this Court does not have jurisdiction to review Plaintiff's constitutional claims because the Court is not an "appropriate court of appeals."

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss (ECF No. 21) is GRANTED and Plaintiff's claims are DISMISSED for lack of subject matter jurisdiction.

DATED this 17th day of December 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge